IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CHRISTOPHER BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17-984 |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| WESTERN RIVERS BOAT | ) | |
| MANAGEMENT, INC. | ) | |
| | ) | |
| Serve: | ) | |
| The Corporation Company | ) | |
| 124 West Capitol Ave., Ste. 1900 | ) | |
| Little Rock, Arkansas 72201 | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT IN ADMIRALTY

This cause is filed pursuant to Rule 9(h), Fed.R.Civ.P. as an admiralty cause for non-jury disposition.

COMES NOW Plaintiff, Christopher Brown (hereinafter "Plaintiff" or "Brown"), by and through his attorneys, and for his Complaint against Western Rivers Boat Management, Inc., states as follows:

### JURISDICTIONAL ALLEGATIONS COMMON TO ALL COUNTS

1.      This cause is brought pursuant to 46 U.S.C. §30104, (commonly called the Jones Act) and the General Maritime Law of the United States, (including the doctrines of unseaworthiness and maintenance and cure) and this Honorable Court therefore has subject matter jurisdiction of this cause pursuant to 28 U.S.C. §§1331 and 1333.

2.      Plaintiff is a Missouri resident with an address of 506 N C Street, Poplar Bluff, MO

63901.

3.      Western Rivers Boat Management, Inc. ("Western") is an Arkansas Corporation with a principal place of business at 2660 West Park Drive, Suite 2, Paducah, Kentucky 42001, and therefore this Court has personal jurisdiction over Defendant Western within the meaning of 28 U.S.C. §1391(b).

4.      The event giving rise to the occurrence alleged herein occurred on the Mississippi River in Alton, Madison County, Illinois, and therefore this Court has jurisdiction within this venue within the meaning of 28 U.S.C. §1391(b).

5.      Western is also a resident of the Southern District of Illinois pursuant to 28 U.S.C. 1391(c)(2) for purposes of venue because Western's business is navigating and operating on the Mississippi River System, including waters inside the Southern District.

### GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS

6.      From at-least May 2, 2017, Plaintiff was employed by Defendant Western.

7.      As of that date, Plaintiff was a Jones Act seaman and a First Mate on-board the M/V Brook McKenzie that was owned or operated by Western.

8.      From May 2nd through the 13th of 2017, the M/V Brook McKenzie was tied up on the east bank of the upper Mississippi River in Alton, Illinois.

9.      On or around May 13, 2017, the M/V Brook McKenzie untied from the east bank of the upper Mississippi River in Alton, Illinois, and was a vessel in navigation and afloat on the Mississippi River in Alton, Illinois.

10.     At said date and time, the M/V Brook McKenzie was in the process of facing up the M/V Brook McKenzie to swap tows with another vessel.

2

11.     At said date and time, and in the process of facing up the M/V Brook McKenzie, another Deckhand on-board the M/V Brook McKenzie was handling a fouled and kinked facewire with the Plaintiff.  While handling the kinked facewire, the Deckhand dropped the facewire and Plaintiff injured his right shoulder.

12.     At the said date and time, Plaintiff informed the Captain of the M/V Brook McKenzie that he injured his right shoulder, and as a result, Plaintiff departed the M/V Brook McKenzie and Western arranged for Plaintiff to be transported by cab to Alton Memorial Hospital for medical treatment.

13.     Plaintiff has been diagnosed with a superior labral tear and dislocation of his sternoclavicular joint.

## COUNT I - JONES ACT NEGLIGENCE

14.     Plaintiff incorporates by reference as if fully set forth herein all preceding paragraphs as if fully set forth in Count I of his Complaint.

15.     At said times, there was in force and effect a statute of the United States commonly called the Jones Act (46 U.S.C. §30104) which placed upon Western the legal duty to use ordinary care to provide Plaintiff with a reasonably safe place to work, reasonably safe tools and equipment, sufficient and competent assistance in the performance of his duties, and sufficient and competent supervision and training.

16.     Western, at said time and place, by and through its agents, servants and employees  was negligent and breached the statutory duties imposed by the Jones Act in one or more of the following respects:

    a)     equipping the  M/V Brook McKenzie with a face wire that was foul, worn, kinked and not reasonably safe;

      b)     failing to replace the face wire that was foul, worn, kinked and not reasonably safe;

      c)     failing to keep an extra set of face wires on-board the M/V Brook McKenzie to change out the face wire when it became fouled, worn, kinked and not reasonable safe;

      d)     failing to train its employees, including Plaintiff, on the safe manner for removing foul, worn and kinked face wires and wires in general; and

      e)     the deckhand failed maintain his hands on the face wire.

17.     As a direct and proximate result, in whole or in part of Western's negligent acts and/or omissions, Plaintiff was injured in one or more of the following respects:

      a)     he sustained severe injuries to his shoulder and sternoclavicular joint;

      b)     he has lost wages in the past and is reasonably certain to lose wages in the future;

      c)     he has suffered a loss of earning capacity;

      d)     he has had pain, suffering and mental anguish in the past and is reasonably certain to experience pain, suffering and mental anguish in the future;

      e)     he has become obligated for the expenses for necessary medical care, treatment and services in the past and will be required to expend money for necessary medical care, treatment and services in the future;

      f)     he has had disability or loss of normal life in the past and will continue to have disability in the future;

WHEREFORE, Plaintiff Christopher Brown prays for judgment in his favor and against Defendant Western Rivers Boat Management, Inc. for an amount which is fair and reasonable under the circumstances, together with costs of suit and such other and further relief as the Court may deem just and proper.

## COUNT II - GENERAL MARITIME LAW UNSEAWORTHINESS

18.     Plaintiff incorporates by reference as if fully set forth herein all preceding paragraphs as if fully set forth in Count II of his Complaint.

19.     Western had the duty under the General Maritime Law of the United States to warrant that its vessel, crew, barges, equipment and appurtenances are seaworthy and reasonably safe fit for their intended purposes.

20.     Western breached its warranty of seaworthiness in that Western's vessel, equipment and/or appurtenances, namely the face wire, was at that time unseaworthy and not reasonably fir for their intended purpose.

21.     As a direct and proximate result of the aforesaid unseaworthiness, Plaintiff was injured and suffered damages in one or more of the following respects:

a)     he sustained severe injuries to his shoulder and sternoclavicular joint;

b)     he has lost wages in the past and is reasonably certain to lose wages in the future;

c)     he has suffered a loss of earning capacity;

d)     he has had pain, suffering and mental anguish in the past and is reasonably certain to experience pain, suffering and mental anguish in the future;

e)     he has become obligated for the expenses for necessary medical care, treatment and services in the past and will be required to expend money for necessary medical care, treatment and services in the future;

f)     he has had disability or loss of normal life in the past and will continue to have disability in the future;

WHEREFORE, Plaintiff Christopher Brown prays for judgment in his favor and against Defendant Western Rivers Boat Management, Inc. for an amount which is fair and reasonable

5

under the circumstances, together with costs of suit and such other and further relief as the Court may deem just and proper.

### COUNT III - GENERAL MARITIME LAW MAINTENANCE AND CURE

22.     Plaintiff incorporates by reference as if fully set forth herein all preceding paragraphs as if fully set forth in Count III of his Complaint.

23.     Western had the duty under the General Maritime Law of the United States to provide the Plaintiff with maintenance and cure for injuries or conditions which manifest themselves on board the vessel or are incurred while Plaintiff is in the service of the vessel.

24.     At the aforementioned times and places, the Plaintiff, while in the performance of his duties, severely injured his right shoulder and a dislocation of his sternoclavicular joint.

25.     As a result of said injuries the Plaintiff has incurred extensive medical expense for treatment and other services and was put off of the vessel for medical treatment.

26.     The Plaintiff has not yet reached a point of maximum cure, and further medical expenses will be incurred in the future.

WHEREFORE, Plaintiff, Christopher Brown, prays for judgment in his favor and against the Defendant, Western Rivers Boat Management, Inc. for a reasonable and fair amount on a per day basis, and to pay all reasonable medical expenses incurred in the diagnosis and treatment of his injuries, together with legal interest thereon from the judicial demand until paid, and for all costs of these proceedings, attorney fees and all general and equitable relief as the court deems just and proper.

Dated:   September 13, 2017                              Respectfully submitted,

                                                        **SL CHAPMAN LLC**


                                                        By:_____/s/ Bradley M. Lakin_____
                                                           Bradley M. Lakin #6243318
                                                           Robert W. Schmieder II #6239631
                                                           330 North Fourth Street
                                                           Suite 330
                                                           St. Louis, MO 63102
                                                           Telephone: (314) 588-9300
                                                           Fax: (314) 588-9302